J-S53043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3328 EDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0300841-2000,
CP-51-CR-1210461-1999, CP-51-CR-1210941-1999

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 14, 2020**

Appellant Andre D. Williams appeals *pro se* from the orders dismissing his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition. Appellant contends that the PCRA court erred by dismissing his petition because trial counsel abandoned him by not filing notices of appeal. We affirm.

We adopt the facts as set forth by the PCRA court's opinion:

On January 25, 1999, [Appellant] robbed a Save-A-Lot Supermarket on Rising Sun Avenue in Philadelphia. [Appellant] wore a ski mask and his co-conspirator wore a security guard jacket. [Appellant] and his co-conspirator both carried guns. [Appellant] used to work at this store as a security guard and was terminated prior to this incident. The manager of the store identified [Appellant] and his co-conspirator in a photo array. On May 23, 2000, a jury sitting before the Honorable John J. Chiovero found [Appellant] guilty of robbery, possessing an instrument of crime ("PIC"), and criminal conspiracy. On June 26, 2000,

[Appellant] was sentenced to an aggregate of 10 to 20 years['] incarceration.

On September 22, 1999, [Appellant] robbed the Aspen Street Tavern on North 25th Street in Philadelphia. He acted in concert with others and pointed a firearm at patrons. [Appellant] did not have a license for a firearm. On June 29, 2000, [Appellant] was found guilty by a jury sitting before Judge Chiovero of robbery, PIC, and criminal conspiracy. On November 2, 2000, [Appellant] was sentenced to an aggregate of 6½ to 15 years['] incarceration to run consecutive to his existing sentence.

On February 17, 1999, [Appellant] robbed Fat Tuesday's on South Street in Philadelphia. [Appellant] and both co-conspirators carried firearms. [Appellant] did not have a license to carry a firearm. On November 8, 2000, a jury sitting before Judge Chiovero found [Appellant] guilty of robbery, PIC, and criminal conspiracy. On April 21, 2001, [Appellant] was sentenced to an aggregate of 5 to 10 years['] incarceration to run consecutive to his existing sentences.

Altogether, [Appellant] was sentenced to an aggregate sentence of 21½ to 45 years['] incarceration. No appeal was ever filed on any of his cases.

PCRA Ct. Op., 2/26/19, at 1-2.

On August 31, 2017, Appellant filed an identical *pro se* PCRA petition at all three docket numbers. Appellant's PCRA petition asserted that his petition was timely filed under 42 Pa.C.S. § 9545(b)(1)(iii), specifically, that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's petition did not argue any newly recognized constitutional right.

Rather, in the petition, Appellant alleged that he notified his trial counsel that he wanted to appeal his convictions. PCRA Pet., 8/31/17, at 8. Appellant claimed that because trial counsel failed to appeal, he was entitled to reinstatement of his right to file post-sentence motions and notices of appeal. *Id.* Attached to Appellant's petition in support was a letter, dated August 1, 2000, from Appellant's then-trial counsel for all three cases, which we reproduce below.

> I am in receipt of your letter dated July 17, 2000 with regard to your matters. Initially, let me address your future court dates. The Fat Tuesday's case is set for trial on August 15, 2000 before his Honor Judge Chiovero. Your sentencing in the Aspen Street Tavern case is set for August 10, 2000 before Judge Chiovero. With regard to the Save-A-Lot case, Judge Chiovero granted my request to file a Post Sentence Motion out of time which will be done within the next two weeks. The reason for the delay has been that the notes of testimony are not yet available. As soon as I receive them I will forward a copy to you so that you may have them for your file.

Ex. to Appellant's PCRA Pet. As discussed below, this letter did not advise Appellant that trial counsel would file notices of appeal.

On April 10, 2018, the PCRA court appointed PCRA counsel for Appellant. On September 17, 2018, PCRA counsel filed a **Turner**/**Finley**[1] letter. The letter noted that counsel reviewed the "*pro se* petition, docket entries, [and] quarter-sessions file," and unsuccessfully attempted to contact trial counsel

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)

and locate the notes of testimony.[2] **Turner**/**Finley** Ltr., 9/17/18, at 1. PCRA counsel claimed that she requested discovery from the Commonwealth, but it was not produced. **Id.** PCRA counsel concluded that Appellant's "claims are meritorious but hopelessly time barred, and the petitions should be dismissed." **Id.** at 2. In support, PCRA counsel stated the following:

> [Appellant] provided an exhibit as part of his *pro se* petition. In it, it is obvious that [Appellant] was told by his prior attorney that an appeal would be filed. [Appellant] was robbed of his rightful right [sic] to an appeal by plainly ineffective counsel who, did not file an appeal on not one but three cases. However, there is no exception to the Post Conviction Relief Act that would enable [Appellant] to recapture that right.

**Id.** at 4.[3] PCRA counsel also asserted that she could **not** identify any other issues "because the record is currently not in existence." **Id.** at 5.

Also on September 17, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice. On October 12, 2018, Appellant filed a *pro se* response to the Rule 907 notice. In the response, Appellant reiterated his contention that trial counsel was ineffective by not filing a requested direct appeal. Appellant also claimed that "[t]rial counsel was ineffective by not filing a petition to withdraw." Appellant's Rule 907 Resp., 10/12/18, at ¶ 6. Appellant did not challenge PCRA counsel's representation or the **Turner**/**Finley** letter.

---

[2] Attached to Appellant's appellate brief is a letter advising Appellant that the transcripts for his cases are unavailable.

[3] As noted above, the August 1, 2000 letter from Appellant's trial counsel to Appellant did **not** inform Appellant that he would file a direct appeal in any of his cases.

On October 18, 2018, the PCRA court dismissed Appellant's PCRA petition and permitted PCRA counsel to withdraw. Although the dockets and record reflect Appellant's Rule 907 response, which we discussed above, the PCRA court's order indicated that it did not receive a response to the Rule 907 notice. Order, 10/18/18.

Appellant timely filed a notice of appeal at each of the three dockets at issue. Appellant's cover letter enclosing his notices of appeal states that he enclosed four notices of appeal with a request that the clerk of courts mail back one notice of appeal that has been timestamped. Each of Appellant's notices of appeal lists all three docket numbers at issue. Recently, in *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 (Pa. Super. 2020) (*en banc*), this Court overruled *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), to the extent that case held that a notice of appeal must contain only one docket number. *Johnson*, ___ A.3d at ___, 2020 WL 3869723 at *5. Because Appellant appealed from three docket numbers, filed three notices of appeal with each notice of appeal listing all three docket numbers, and Appellant's cover letter indicated he enclosed three notices of appeal for filing, we decline to quash. *See id.* The PCRA court did not order a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises one issue:

1. Whether the court below erred in failing to grant Appellant leave to file a direct appeal *nunc pro tunc* or hold an evidentiary hearing to determine whether Appellant had requested a direct appeal.

Appellant's Brief at 7.

Initially, we must address whether Appellant's PCRA petition was timely. Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file his petition within sixty days of the date the claim

- 6 -

could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[4] It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

Here, Appellant's judgments of sentence became final on July 26, 2001, Monday, December 3, 2001, and May 21, 2002. *See* 1 Pa.C.S. § 1908 (stating that "[w]henever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation"). Appellant filed his PCRA petition on August 31, 2017, clearly more than one year after the date his judgments of sentence became final. Appellant did not argue why his petition was timely. *See Albrecht*, 994 A.2d at 1094. We add that Appellant did not respond to PCRA counsel's *Turner*/*Finley* letter and, in his Rule 907 response, did not articulate why his PCRA petition should be considered a timely petition. Appellant did not raise any such argument in his appellate brief, either. We note that Appellant, who filed his petitions around sixteen years after his judgments of sentence became final, did not state how he acted with due diligence. Specifically, Appellant did not explain how he could not discover trial counsel's ineffectiveness earlier even though he allegedly

_____

[4] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3.

informed his prior counsel that he wanted to appeal his convictions and none were filed. Accordingly, because the PCRA court correctly held that Appellant's PCRA petition was untimely and that he failed to plead and prove a timeliness exception, we affirm the PCRA court's order. *See Lawson*, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/20